12 CV 5533

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise Schulman
233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED JUL 18 2012 U.S.D.C. S.D.N.Y. CASHIERS

STEPHANIE CAPSOLAS,

      **Plaintiff**

      v.

**PASTA RESOURCES, INC., BABBO LLC,**
**and FRANK LANGELLO,**

      **Defendants.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Stephanie Capsolas, by and through her undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

      1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 296 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-107 *et seq.*, claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.     Defendant Pasta Resources, Inc. ("Pasta Resources") is a New York Corporation that operates Babbo Ristorante Enoteca ("Babbo") in Manhattan. At all relevant times, Pasta Resources has had more than 15 employees. Upon information and belief, Mario Batali ("Batali") and Joseph Bastianich ("Bastianich") are owners of Pasta Resources.

4.     Defendant Babbo LLC is a New York limited liability company that owns and operates Babbo. At all relevant times, Babbo LLC has had more than 15 employees. Batali and Bastianich are owners of Babbo LLC.

5.     Defendants Pasta Resources and Babbo LLC (collectively, the "Corporate Defendants") jointly employed Plaintiff at all relevant times. The Corporate Defendants each had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

6.     During all relevant times, the Corporate Defendants were Plaintiff's employers. The Corporate Defendants were part of a single integrated enterprise that jointly employed Plaintiff. The Corporate Defendants' operations are interrelated and unified.

7.     Pasta Resources provides administrative services for Babbo and the other restaurants owned by Batali and Bastianich.

8.     For example, Pasta Resources issued Plaintiff's and other Babbo employees' paychecks.

9.     Pasta Resources also handles human resources functions for Babbo.

2

10. Pasta Resources processes gift card purchases for Babbo.

11. Babbo is listed on Pasta Resources' website, http://www.pastaresources.com/hospitality, along with the other restaurants owned by Batali and Bastianich.

12. Defendant Frank Langello ("Langello") was, at all times relevant to this action, Babbo's executive chef. Upon information and belief, Langello is a New York resident.

13. All Defendants are hereinafter collectively referred to as "Defendants."

14. Plaintiff Stephanie Capsolas ("Capsolas") was employed by Defendants as a server at Babbo from in or around 2008 to in or around 2011. Capsolas is a woman.

## FACTUAL ALLEGATIONS

15. Throughout Capsolas' employment with Babbo, Langello created a sexually hostile work environment by directing inappropriate comments and gestures at her and physically touching her. For much of Capsolas' employment, Langello engaged in harassing actions several times a week. His harassing actions have included, but are not limited to, the following.

16. Langello has repeatedly made sexual comments about Capsolas. For example, in or around January 2008, Langello told one of Capsolas' co-workers that Langello thought Capsolas was an "animal" in bed.

17. In or around May 2010, Langello simulated a man and woman having sex, insinuating that he was acting out relations Capsolas had with her boyfriend at the time, who also worked at Babbo.

3

18. Langello repeatedly asked Capsolas about her sex life, even though Capsolas told him not to. In fact, for more than a year beginning in 2009, Langello made unwanted comments about Capsolas' sex life on at least a weekly basis.

19. In or around January 2010, Langello approached Capsolas in the kitchen. He lifted his apron, revealing an erection, and said, "Look what you do to me."

20. Langello often put his hand on his genitals when Capsolas walked by him.

21. In or around March 2010, Langello saw the top of Capsolas' underwear when she bent over. He came up behind Capsolas and said, "Calvin Kleins? Steph, you may as well not be wearing anything at all! I have to walk away." The rest of the night, Langello made comments about Capsolas' underwear whenever he was near her. Capsolas told Mr. Langello to stop making these comments and that he was embarrassing her, but he continued to make inappropriate comments.

22. Numerous times throughout Capsolas' employment, Langello snapped Capsolas' bra and ran his hand down her back.

23. At least once, Langello asked Capsolas if she was wearing a bra, and on another occasion he tried to look up her skirt.

24. Langello has engaged in similar harassment against other female employees at Babbo as well. He has made sexual comments about other women's breasts and other body parts, inappropriately touched other women, and made inappropriate sexual advances towards other women.

25. Capsolas complained about Langello's harassment to a manager, Luca Pasquinelli, who informed Babbo's general manager, Colum Sheehan, of Langello's harassment.

26.    On or around June 15, 2010, another Babbo employee complained to management of Langello's harassment of Capsolas in writing, stating that Langello "act[ed] inappropriately with [a] female waitress on staff in a physical manner."

27.    As a direct and proximate consequence of Defendants' discriminatory conduct, Capsolas has suffered and continues to suffer monetary damages, including but not limited to a loss of income, including past salary, future salary, and company-sponsored benefits, and non-monetary damages including but not limited to humiliation and mental and physical pain and suffering.

28.    Defendants engaged in the above-referenced acts with reckless and callous disregard of Capsolas' statutory rights to a workplace free of discrimination based on sex.

29.    On or around July 27, 2010, Capsolas filed a charge against Pasta Resources, Inc. and Babbo, LLC with the EEOC alleging sex discrimination under Title VII.

30.    On May 2, 2012, the EEOC issued a determination finding probable cause that Pasta Resources, Inc. and Babbo, LLC discriminated against Capsolas on the basis of her sex, in violation of Title VII.

31.    The EEOC's May 2, 2012 determination stated that in its investigation of Capsolas' EEOC charge, Defendants determined that Langello engaged in "inappropriate" behavior towards Capsolas.

32.    On July 2, 2012, the EEOC issued a notice of right to sue to Capsolas, which is attached hereto as Exhibit 1.

## FIRST CLAIM FOR RELIEF
### (Title VII discrimination – Brought against the Corporate Defendants)

33.    Plaintiff realleges and incorporates by reference all previous paragraphs.

34. In violation of Title VII, Defendants discriminated against Capsolas on the basis of sex by subjecting her to a hostile work environment that was severe or pervasive enough to affect the terms and conditions of her employment.

35. Defendants' discrimination against Capsolas was committed with reckless and callous disregard of her Title VII right to a workplace free from discrimination based on sex.

36. As a result of Defendants' unlawful conduct, Capsolas is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYSHRL discrimination – Brought against all Defendants)

37. Plaintiff realleges and incorporates by reference all previous paragraphs.

38. In violation of the NYSHRL, Defendants discriminated against Capsolas on the basis of sex by subjecting her to a hostile work environment that was severe or pervasive enough to affect the terms and conditions of her employment.

39. As a result of Defendants' unlawful conduct, Capsolas is entitled to compensatory damages, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYCHRL discrimination – Brought against all Defendants)

40. Plaintiff realleges and incorporates by reference all previous paragraphs.

41. In violation of the NYCHRL, Defendants discriminated against Capsolas on the basis of sex by subjecting her to a sexually hostile work environment.

42. Defendants' discrimination against Capsolas was committed with reckless and callous disregard of her NYCHRL right to a workplace free from discrimination based on sex.

43.     As a result of Defendants' unlawful conduct, Capsolas is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof to be paid by Defendants;

B.     Punitive damages;

C.     Penalties available under applicable laws;

D.     Costs of action incurred herein, including expert fees;

E.     Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988,  N.Y.C. Admin. Code § 8-502, and other applicable statutes;

F.     Pre-judgment and post-judgment interest, as provided by law; and

G.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        July 17, 2012

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
        D. Maimon Kirschenbaum
        Denise Schulman
        233 Broadway
        5th Floor
        New York, NY 10017
        Tel: (212) 688-5640
        Fax: (212) 688-2548

        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

**Exhibit 1**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: Stephanie Capsolas<br>140 East 52nd Street<br>Apt. 2-D<br>New York, NY 10022 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No.<br><br>**520-2010-03082** | EEOC Representative<br>**Emily F. Haimowitz,**<br>**Investigator** | Telephone No.<br><br>**(212) 336-3759** |
|---|---|---|

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Kevin Berry*

**Kevin J. Berry,**
**District Director**

7/2/2012
*(Date Mailed)*

cc:    Michael P. Pappas
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022

Denise Schulman
JOSEPH, HERTZFELD, HESTER & KIRSCHENBAUM
757 Third Avenue, 25th Floor
New York, NY 10017

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*